UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCHREINER FARMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN TOWER, INC., a Delaware Corporation; NEXTEL WEST CORPORATION, INC. d/b/a NEXTEL COMMUNICATIONS, a Delaware Corporation; TOWER ASSET SUB INC., a Delaware Corporation; SPECTRASITE COMMUNICATIONS, INC., a Delaware Corporation; and WESTERN OREGON WIRELESS COMMUNICATIONS, INC., an Oregon Corporation, and WASHINGTON OREGON WIRELESS, LLC, a Washington Limited Liability Company, <br><br> Defendants. | NO. CV-09-3083-RHW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Plaintiff's Motion to Remand (Ct. Rec. 8). The hearing on the motion was held on October 30, 2009, in Spokane, Washington. Plaintiff was represented by Marie Kagie-Shutey; Defendants American Tower, Inc., Spectrasite, and Tower Asset were represented by Raymond Clary. Defendants Nextel West and Western Oregon Wireless were represented by Robert Tenney, who participated telephonically. The hearing was held in the judge's chambers.

Plaintiff Schreiner Farms, Inc. filed its complaint in Klickitat County Superior Court on July 28, 2009. On August 31, 2009, Defendants American

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 1**

Tower, Tower Asset Sub, Inc. and Spectrasite, Communications removed the case to the Eastern District of Washington. Defendant Nextel West and Washington Oregon Wireless joined in the remand. On September 18, 2009, Plaintiff filed a Motion to Remand.

## BACKGROUND FACTS

This case arose out of a lease dispute. Plaintiff owns a parcel of land in Klickitat County, Washington. Plaintiff entered into a lease agreement with Nextel. The lease provided that Nextel could erect, maintain and alter premises solely for Nextel's business operations. Defendant Nextel erected a tower for its purposes. Defendant Tower Asset and/or Spectrasite subsequently installed a second equipment array on the tower without Plaintiff's knowledge or consent and then Tower Asset and/or Spectrasite subsequently subleased the second equipment array to Defendant Western Oregon Wireless, another communication provider. Upon request, Plaintiff conveyed a license to Western Oregon Wireless because it believed that this company was an affiliate of Nextel. According to Plaintiff, Western Oregon Wireless is not related to Nextel.

In its original complaint, Plaintiff alleged that Defendant Nextel defaulted on the original lease agreement. It then sought permission to file an Amended Complaint, which was granted in the superior court. The Amended Complaint sought to add Washington Oregon Wireless as a Defendant. In paragraph 9, the complaint stated:

> 9. This cause of action involves a lease of real property in Klickitat County. Accordingly, venue is proper in the Klickitat County pursuant to RCW 2.08.210 and 4.12.010. Said property is within the jurisdiction of and subject to the land use restrictions imposed by the Columbia River Gorge National Scenic Area.

The amended complaint also added a new allegation and a new claim for relief. The new allegations is as follows:

> On or about May, 2009, Plaintiff was informed that the

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 2**

Columbia River Gorge Commission,[1] with authority to regulate the use of property including the property at issue in this case has threatened to commence legal action against Defendant SpectraSite, Inc., Defendant Nextel and others involved with the obtaining the original permits for construction of the monopole and other equipment on Plaintiffs [sic] property and adding a second equipment array without permits for violation of the terms of the original permit.

Plaintiff also requested declaratory judgment that Defendants were not authorized to use the premises without obtaining all Government and agency required permits, that such permits were not obtained, and that a default under the lease provisions exists.

Based on these changes, Defendants removed to Federal Court and Plaintiff promptly filed a Motion to Remand.

## DISCUSSION

Under 28 U.S.C. § 1441(a), any action brought in a state court of which the district court would have original jurisdiction may be removed to the district court. Congress has given district courts original jurisdiction over cases concerning questions of federal law. 28 U.S.C. § 1331 ("[D]istrict courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Under *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983), the Supreme Court recognized that "even though state law creates the causes of action, the case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under

---

[1]The Commission is empowered by the Columbia River Gorge Act, which creates a commission to protect the economy and enhance the scenic, cultural, recreational and natural resources of the Columbia River Gorge. 16 U.S.C. § 544. The Act empowers a commission, made up of count representatives within Oregon and Washington, to create plan and enforce it through the respective state agencies. *Id.* The Act also provides for Federal jurisdiction over criminal penalties or violations of orders imposed by the secretary pursuant to the Act itself. *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 3**

state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13.  Nevertheless, "[t]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 810-11 (1986).  Additionally, parties cannot confer subject matter jurisdiction by agreement. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1379 (9th Cir. 1988).  The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

The removal statute is "strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citations omitted).  This presumption against removal imposes the burden of establishing that removal is proper on the Defendant. *Id.*  The Court must resolves all ambiguity in favor of remand to state court.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  In addition, when "an alternative theory of relief exists for each claim alleged in the complaint, one not dependent upon federal law," federal question jurisdiction is defeated. *International Union of Operating Engineers v. County of Plumas*, 559 F.3d 1041, 1045 (9th Cir. 2009).

Here, in its Amended Complaint, Plaintiff asks for the following relief:

1.   Declaratory judgment that Defendant Nextel was not authorized to assign the lease to Defendant Tower Asset because Defendant American Tower, SpectraSite and Tower Asset do not provide radio communications services, and therefore, a default exists under the lease.

2.   Declaratory judgment that Defendants American Tower, SpectraSite, and Tower Asset were not authorized to sublease the premises to Washington Oregon Wireless because Defendant American Tower, SpectraSite and Tower Asset did not obtain Plaintiff's voluntary and knowing consent, so that a default exists under the lease.

3.   Declaratory judgment that Defendant Western Oregon Wireless

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 4**

were not authorized to use premises based upon the sublease that was executed with Plaintiff's voluntary and knowing consent, so that a default exists under the lease.

4.     Declaratory judgment that all Defendants were not authorized to use the Premises without obtaining and complying with all Government and agency-required permits, restrictions and conditions, and that Defendants did not obtain such permits and did not comply with the restrictions and therefore a default exists under the lease.

It is clear to the Court that in order to determine whether Plaintiff is entitled to its first three requests for relief, the Court will not need to resort to federal law. Rather, the Court will be construing the lease. With respect to the fourth request for relief, however, in order to determine whether Plaintiff is entitled to relief for this claim, the Court will need to consult federal law in order to determine whether it was necessary to obtain a permit. The Court will look to the lease to determine whether under the lease it was necessary to obtain the permits, but if the Court finds that the lease so requires, it will be necessary to consult federal law to determine whether Defendants obtained the necessary permits as required by federal law. On the other hand, the Court believes that the question as to whether Defendants complied with the restrictions of the permits will be simply construing the permits and this would not necessarily implicate federal law.

Keeping in mind that any doubt about the right to removal requires a remand, the Court does not find that the question regarding whether a permit is required creates a substantial question of federal law. Plaintiff is not seeking relief under the Columbia River Gorge National Scenic Act. Indeed, there is not a private right action under the Act.

In *Merrell*, the plaintiffs sought damages on common-law theories of negligence, breach of warranty, strict liability, fraud, and gross negligence, as well as a claim that the alleged "misbranding" of a drug violated the federal Food, Drug, and Cosmetic Act (FDCA) represented a "rebuttable presumption" of negligence and the "proximate cause" of the injuries. 478 U.S. at 805. The Supreme Court held that a violation of a federal statute as an element of a state cause of action,

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 5**

when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws or treaties of the United States" within the meaning of 28 U.S.C. § 1331. *Id.* at 812. Similarly, in this case, Plaintiffs are alleging that the failure to obtain a permit in violation of the federal law is the cause of breach of the lease, rather than alleging a federal action under federal law. Plaintiff's request for declaratory judgment is "not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *See Merrel*, 478 U.S. at 814 ("We simply concluded that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction."). As such, the Court does not have federal subject-matter jurisdiction over Plaintiff's breach of contract claims, and remand is appropriate.

## ATTORNEYS' FEES

The Court has discretion to determine whether an award of cost is proper despite finding removal improper and remanding to state court. *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443 (9th Cir. 1992). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capitol Corp.,* 546 U.S. 132, 141 (2005). If an objectively reasonable basis exists, fees are not appropriate. *Id.*

Here, the Court declines to award fees. The Court does not find that Defendants lacked an objectively reasonable basis for seeking removal.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand (Ct. Rec. 8) is **GRANTED**.
2. The above-captioned case is to **remanded** to the Klickitat County

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 6**

Superior Court.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and close the file.

**DATED** this 3rd day of December, 2009.

*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2009\Schreiner\remand.ord.wpd

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 7**